

**SIGNED this 07th day of January, 2015.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 11-51241-CAG |
| RICHARD B. COLVIN, | § § | |
| | § | CHAPTER 12 |
| Debtor. | § | |

| | | |
|---|---|---|
| RICHARD B. COLVIN, | § § | |
| Plaintiff. | § § | |
| v. | § | ADVERSARY NO. 12-05106-CAG |
| | § § | |
| AMEGY MORTGAGE COMPANY, LLC. and MARY VIEGELAHN, TRUSTEE | § § | |
| Defendants. | § | |

1

**MEMORANDUM OPINION**

Came on to be considered the above-numbered adversary proceeding, and in particular, Defendant Amegy Mortgage Company, LLC's Motion to Dismiss (Adv. ECF No. 74)[1] ("Motion to Dismiss") filed August 6, 2014, responses, argument, and supporting evidence. The Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. § 1408(1). This proceeding is referred to this Court under the District's Standing Order of Reference. This proceeding is a core proceeding under 28 U.S.C. § 157(b), specifically each of Debtor's claims fall under one or more of the following sections:

1) 28 U.S.C. § 157(b)(F) (proceedings to determine, avoid, or recover preferences);

2) 28 U.S.C. § 157(b)(G) (motion to terminate, annul, or modify the automatic stay);

3) 28 U.S.C. § 157(b)(H) (proceedings to determine, avoid, or recover fraudulent conveyances);

4) 28 U.S.C. § 157(b)(K) (determinations of the validity, extent, or priority of liens); and

5) 28 U.S.C. § 157(b)(O) (other proceedings affecting . . . the adjustment of the debtor-creditor or the equity security holder relationship).

The Court notes that the Supreme Court's decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011) does not suggest or hold that the Court lacks authority to hear and enter final orders regarding avoidance actions, claims for violation of the automatic stay, annulment of the co-debtor stay, or equitable subordination.[2] The Court took this matter under advisement and finds that Amegy Mortgage Company's Motion to Dismiss should be GRANTED in part, and DENIED in part.

---

[1] Unless otherwise noted, references to documents on the docket for Adversary Case No. 12-05106 shall be referred to by "Adv. ECF No." and references to documents on the docket for Bankruptcy Case No. 11-51241 shall be referred to by "BK ECF No."

[2] Debtor did raise argument that *Stern v. Marshall* gave this Court's subject matter jurisdiction over Debtor's claim for a Cell Tower Tract easement. This argument has no applicability to this Court's constitutional authority to hear and enter a final order on the matter, but it will be discussed in the context of the claims for violation of the automatic stay.

**FACTUAL AND PROCEDURAL BACKGROUND**

In December 2005, Amegy Mortgage Company ("Amegy") made a loan to Debtor and his wife, secured by a Deed of Trust (the "2005 Deed of Trust") on 48 acres of land in Kerrville, Texas (the "Property") (Adv. ECF No. 67). On November 20, 2006, Debtor and his wife renewed the loan ("Renewed Note") payable to Amegy Mortgage in the principal amount of $988,000.00 (Adv. ECF No. 67). To secure the Renewed Note, Debtor and his wife granted a lien (the "2006 Deed of Trust") to Amegy only for the front half of the Property (the "Home Tract") (Adv. ECF No. 67). The back half of the Property (the "Cell Tower Tract") was subject to lease for a cell tower and was unencumbered (Adv. ECF No. 3). According to Debtor, the Cell Tower Tract has no road access except for over the Home Tract (Adv. ECF No. 3).

On January 19, 2007, Amegy recorded a Release of Lien that states it released its liens described in the 2005 Deed of Trust (Adv. ECF No. 67). Amegy alleged that the 2006 Deed of Trust contained a scrivener's error because the metes and bounds description was not attached (Adv. ECF No. 74). Therefore, on February 4, 2011, Amegy filed a Corrected Deed of Trust to repair the scrivener's error (Adv. ECF No. 74). Debtor contends that the Corrected Deed of Trust either perfected the 2006 Deed of Trust because the original was void, or alternatively, that the Corrected Deed of Trust re-perfected the 2006 Deed of Trust because the lien on the Home Tract was released on January 19, 2007 (Adv. ECF No. 67). On April 4, 2011, within ninety days of the recording of the Corrected Deed of Trust, Debtor filed this bankruptcy proceeding (Adv. ECF No. 67).

Debtor claimed the Home Tract as exempt in accordance with 11 U.S.C. § 522(b) as his rural Texas homestead (Adv. ECF No. 74). No party filed an objection to Debtor's homestead exemption and all deadlines to file such an objection have since past. (Adv. ECF No. 74). On April 14, 2011, Amegy filed a Motion for Relief From Stay to foreclose on the Home Tract

3

(Adv. ECF No. 67). Debtor, Amegy, and the Chapter 12 Trustee entered into an Agreed Order Lifting the Stay that gave Debtor until January 3, 2012 to market and sell the Home Tract or the stay would lift (BK ECF No. 35). Debtor did not sell the Home Tract and on February 7, 2012, Amegy acquired title to the Home Tract through a non-judicial foreclosure sale (Adv. ECF No. 67).

On March 13, 2012, after Amegy foreclosed on the Home Tract, Debtor filed an adversary proceeding ("Adversary Proceeding I") in bankruptcy court seeking a declaration of an easement across the Home Tract (Adv. ECF No. 58). Amegy filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) asserting that res judicata barred Debtor's easement claim (Adv. ECF No. 58). After Debtor did not file a response, Bankruptcy Judge Leif Clark entered an order dismissing Adversary Proceeding I with prejudice (Adv. ECF No. 58).

On August 2, 2012, Debtor filed another adversary proceeding ("Adversary Proceeding II") seeking to enforce the easement that he asserted in Adversary Proceeding I, to which Amegy again filed a Motion to Dismiss (Adv. ECF No. 58). After hearing, Bankruptcy Judge John Ackard dismissed Adversary Proceeding II with prejudice (Adv. ECF No. 58). On January 3, 2013, Debtor appealed the bankruptcy court's dismissal of Adversary Proceeding II (Adv. ECF No. 58). Senior District Judge David Ezra vacated the bankruptcy court's dismissal of Adversary Proceeding II (Adv. ECF No. 58). The district court found that the bankruptcy court lacked subject matter jurisdiction over the easement claim, but because the Agreed Order Terminating Stay did not mention an avoidance claim, it did not bar Debtor from later pursuing an avoidance action (Adv. ECF No. 58).

On July 11, 2014, Debtor filed a Second Amended Complaint ("Amended Complaint") asserting that: (1) Debtor's interest in the Home Tract is superior to that of Amegy's because the

Corrected Deed of Trust could be avoided under § 547[3] or § 544; (2) Amegy violated the co-debtor stay protecting Debtor's wife; (3) Amegy violated the automatic stay by preventing Debtor and Debtor's agent from accessing to the Cell Tower Tract easement; (4) Amegy violated the automatic stay by foreclosing on Home Tract; (5) Amegy violated the automatic stay by preventing Debtor's realtor from putting up a "For Sale" sign; and (6) Amegy's interest in the Home Tract should be equitably subordinated to that of Debtor's pursuant to § 510(c) (Adv. ECF No. 67).

On August 6, 2014, Amegy filed a Motion to Dismiss arguing that: (1) any avoidance claims concerning the exempted Home Tract must be dismissed because this Court lacks subject matter jurisdiction over the Home Tract; (2) Debtor is not the proper party to assert a violation of the co-debtor stay, or alternatively, that this Court should annul the co-debtor stay retroactively; (3) any claims for violations of the automatic stay concerning Debtor's access to the Cell Tower Tract must be dismissed because this Court lacks of subject matter jurisdiction over the Cell Tower Tract easement; and (4) Debtor's claim for equitable subordination should be dismissed because Debtor failed to reserve the right of action in Debtor's Plan (Adv. ECF No. 74).

On August 25, 2014, Debtor filed Plaintiff's Response and Answer to Motion to Dismiss (Adv. ECF No. 77). On September 2, 2014, Amegy filed a reply thereto, further elaborating on its Motion to Dismiss (Adv. ECF No. 80). Debtor then filed an Amendment/Supplement/Clarification to Response and Answer to Motion to Dismiss on September 22, 2014, which was untimely and therefore not considered by the Court (Adv. ECF No. 82). A hearing was held on September 23, 2014 and the matter was taken under advisement.

---

[3] Unless otherwise noted, all references are to Title 11, U.S.C. *et seq.*

5

## DISCUSSION

The claims in Debtor's Second Amended Complaint that Amegy moved to dismiss can be classified as avoidance actions under §§ 547 and 544; claims for violation of the co-debtor stay and automatic stay; and claims for equitable subordination[4] (Adv. ECF No. 67).

### A. Avoidance Actions

Amegy argues that because Debtor exempted the Home Tract, this Court lacks subject matter jurisdiction over avoidance actions concerning the Home Tract. Generally, bankruptcy courts lack subject matter jurisdiction over homestead property because such exempted property is removed from the bankruptcy estate for the benefit of the debtor. ***IRS v. Luongo (In re Luongo)***, 259 F.3d 323, 335 (5th Cir. 2001). Therefore, Amegy maintains that because the Home Tract was properly exempted, this Court must dismiss Debtor's avoidance actions concerning the Home Tract.

Debtor raises the following arguments in support of this Court's subject matter jurisdiction over Debtor's avoidance actions: (i) the Bankruptcy Code expressly provides for avoidance actions to recover exempt property under §§ 522(g) and (h); (ii) the Court retains jurisdiction over exempt property under ***Veigelhan v. Frost (In re Frost)***, 744 F.3d 384 (5th Cir. 2014); (iii) avoidance actions to recover exempt property under a fraudulent transfer theory are not barred because it is against exempt property; and (iv) Debtor's exempt homestead has not been decided (Adv. ECF No. 77).

The Court finds that § 522(g) is not independently applicable in this context. Section 522(g) does not entitle a party to avoid the transfer of arguably exempt property, but rather it

---

[4] The remaining claims for turnover, damages, and attorney's fees are not applicable to the consideration of Amegy's Motion to Dismiss (Adv. ECF No. 67). Turnover would only be appropriate if this Court were to find that Debtor could maintain an avoidance action. Claims for damages and attorney's fees cannot be properly determined within the context of this Motion to Dismiss because Debtor may still prevail on Debtor's remaining claims.

provides the mechanism by which a debtor may exempt property returned to the estate and the requirements for doing so. *Moser v. Bank of Tyler (In re Loggins)*, 513 B.R. 682, 693 n.41 (Bankr. E. D. Tex. 2014). Therefore, § 522(g), standing alone, is inapplicable to this matter. *Frost* is also inapplicable to this matter. Debtor contends that under *Frost*, bankruptcy courts retain jurisdiction over homestead property until such time as a case is closed. *Frost* concerns a debtor who failed to reinvest proceeds from the sale of an exempt homestead asset within six months. *See generally Frost*, 744 F.3d 384. While *Frost* may be applicable to whatever proceeds, if any, Debtor derived from the foreclosure sale, it does not give this Court subject matter jurisdiction over the property that was sold.

Debtor did exempt the Home Tract as his homestead. As established during argument, Debtor has never made an assertion that contradicts his exemption of the Home Tract as homestead property. The only avoidance action available to Debtor, § 522(h), requires that the transfer sought to be avoided affect exempt property. If the Home Tract were non-exempt property, however, Debtor would not have standing to bring an avoidance action under § 522(h).

The discussion of § 522(h) within the context of avoidance actions under §§ 547 and 544 requires a more exacting discussion. Debtor claims that this Court retains subject matter jurisdiction over his avoidance actions under § 522(h). Debtor seeks to avoid Amegy's recordation of the Corrected Deed of Trust as a preferential transfer under § 547, or alternatively, as a fraudulent transfer under § 544.[5] Section 522(h) provides that:

> The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
> (1) such transfer is avoidable by the trustee under section 544, . . . 547 . . . of this title; and

---

[5] Debtor also raises several sections of the Texas Business and Commercial Code, which are only available to trustees and debtors under § 544. If Debtor lacks standing to bring a claim under § 544 pursuant to § 522(h), Debtor also cannot bring an avoidance action under the applicable provisions of the Texas Business and Commercial Code.

7

(2) the trustee does not attempt to avoid such transfer.

Subsection (g)(1) provides that:

> [T]he debtor may exempt under subsection (b) of this section property that the trustee recovers . . . , to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—
> (1)(A) Such transfer was not a voluntary transfer of such property by the debtor; and
> (B) the debtor did not conceal such property. . . .

Taken together, a debtor may avoid a transfer of exempt property only if: (i) the transfer was not a voluntary transfer of property by the debtor; (ii) the debtor did not conceal the property; (iii) the trustee did not attempt to avoid the transfer; (iv) the transferred property is of a kind that the debtor would have been able to exempt from the estate if the trustee had avoided the transfer under § 522(g); and (v) the debtor seeks to exercise on the trustee's enumerated avoidance powers. ***Realty Portfolio, Inc. v. Hamilton (Matter of Hamilton)***, 125 F.3d 292, 297 (5th Cir. 1997). Here, the only elements at issue are whether the transfer to be avoided impaired the debtor's exempt property—i.e. (iv) whether the transferred property is of a kind that debtor would have been able to exempt—and (i) whether the transfer was voluntary. *See* ***In re D'Ambrosia***, 61 B.R. 588, 590 (Bankr. N.D. Ill. 1986) (finding that "[e]ven if the debtor herein could prove that creation of the lien herein is a preference, he would be able to avoid the lien only to the extent it impairs his exemption rights"); *see also* ***Hamilton***, 125 F. 3d at 297 ("Section 522(h) specifically grants debtors standing to avoid certain involuntary transfers of exempt property").

There were several transfers of the Home Tract: (i) Debtor granted the 2006 Deed of Trust on the Home Tract to secure the Renewed Note; (ii) Amegy, pursuant to their agreement with Debtor, attempted to or did in fact record the 2006 Deed of Trust; (iii) Amegy filed a

8

Corrected Deed of Trust in February 2011 that either perfected or re-perfected the 2006 Deed of Trust; and (iv) Amegy foreclosed on the Home Tract pursuant to Agreed Order Lifting Stay.

The only transfers that actually impaired Debtor's interest in the Home Tract were Debtor granting the 2006 Deed of Trust and Amegy foreclosing on that Deed of Trust. The perfection or re-perfection of the 2006 Deed of Trust did not further impair Debtor's interest in the Home Tract but rather only affected creditors' interests in the Home Tract. *See* ***Gilliam v. Bank of Am. Mortg., LLC (In re Gilliam)***, 2004 WL 3622646, at *3 (Bankr. D. Kan. Oct. 28, 2004) ("The transfer [debtor] is actually trying to avoid here (and would have to avoid to enhance her homestead exemption) is her original granting of the mortgage to [the mortgage creditor]"). Even if a trustee may have been able to avoid the perfection or re-perfection of the lien under § 547[6] or § 544, §§ 522(g) and 522(h) preclude a Debtor from doing the same. *Id*. The remaining transfers—Debtor's granting of the 2006 Deed of Trust on the Home Tract and Amegy's foreclosure on the Home Tract pursuant to the Agreed Order Lifting Stay—were both voluntary.[7] Therefore, Debtor lacks standing to avoid any of the transfers of the Home Tract under § 522(h).

Because Debtor does not have standing to bring an avoidance action for a preference or a fraudulent transfer, these claims must be dismissed for a lack of subject matter jurisdiction. *See* ***Flournoy v. Trust Co. of Columbus (In re Weaver)***, 632 F.2d 461, 462 n.6 (5th Cir. 1980) (finding that because standing is a constitutional requirement, lack of standing deprives the court

---

[6] A trustee likely could not have avoided the Corrected Deed of Trust as a preferential transfer. As the Fifth Circuit has noted, a bankruptcy trustee cannot avoid transfer of property unless property would have been in the estate and therefore, available to debtor's general creditors. ***Cage v. Wyo-Ben, Inc*** (***In re Ramba, Inc***), 437 F.3d 457, 459–60 (5th Cir. 2006). Nevertheless, Debtor may have been able to avoid the transfer if the transfer sought to be avoided was involuntary because the availability of assets to creditors cannot be relevant to an action by debtor to avoid a preference pursuant to §§ 522(h) and 547. ***Deel Rent-A-Car, Inc. v. Levine***, 721 F.2d 750, 758 (11th Cir. 1983). The application of the "diminution of estate" test in this context would contradict the explicit language of § 522(h) and therefore, in the context of a debtor's preference action under § 522(h), it is immaterial whether the transfer was of an interest of a debtor. *Id.* at 757.

[7] In Debtor's Amended Complaint, Debtor did not seek to avoid Amegy's foreclosure on the Home Tract done pursuant to the Agreed Order under § 522(h).

of subject matter jurisdiction). Because Debtor does not have standing to bring an avoidance action under § 522(h), this Court lacks subject matter jurisdiction over Debtor's avoidance actions concerning the Home Tract.[8]

### B. Claims for Violations of the Co-Debtor Stay and the Automatic Stay under § 362

Debtor alleges that Amegy violated the co-debtor stay and the automatic stay by: (1) foreclosing on the Home Tract without lifting the co-debtor stay as to Debtor's wife; (2) denying Debtor or his agents access to a Cell Tower Tract easement; (3) foreclosing on a void or voidable deed of trust; and/or (4) precluding Debtor's realtor from accessing the Cell Tower Tract and from placing a "For Sale" sign outside the fence line.

1. Annulment of the Co-Debtor Stay

Congress intended courts apply case law arising under § 1301 to the co-debtor stay in Chapter 12, under § 1201. *In re SFW, Inc.*, 83 B.R. 27, 30 (Bankr. S.D. Cal. 1998). Courts have recognized that, notwithstanding the absence of specific language in § 1301 authorizing the court to annul the co-debtor stay, § 1301(c) is flexible enough to permit granting an annulment of the co-debtor stay. *In re Morris*, 365 B.R. 613, 618 (Bankr. E.D. Va. 2007). Nevertheless, annulment is only appropriate in limited circumstances—for instance, to balance the equities between the parties. *Id*.

As Debtor argues, the co-debtor stay was enacted primarily for the benefit of debtors by relieving them from pressures that creditors might exert on co-debtors who were friends, relatives, and fellow employees of the debtor. *Id.* at 619 (citing 8 *Collier On Bankruptcy* ¶ 1301.01 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 3/06)). Where the creditor is

---

[8] The Court does not find that this Court lacks subject matter jurisdiction over the Home Tract because Debtor exempted the property. Rather, the Court finds that this Court lacks subject matter jurisdiction over Debtor's avoidance actions concerning the Home Tract because Debtor lacks standing to bring the avoidance actions.

10

granted relief from the automatic stay—particularly if the debtor did not oppose relief from stay—the purpose of the co-debtor stay no longer exists as to that creditor and relief from the co-debtor stay, if requested, is invariably granted. *See* ***In re Morris***, 365 B.R. at 619–20 (allowing annulment of the co-debtor stay to validate a foreclosure sale where debtor did not file an answer to creditor's motion for relief from stay to foreclose on real property).

After Debtor entered into the Agreed Order to Lift the Stay, the purpose for the co-debtor stay no longer existed with respect to Amegy's foreclosure. While Amegy should have requested relief from the co-debtor stay, it is inequitable to now allow Debtor to undermine the foreclosure that resulted from the agreement Debtor himself made with Amegy. This is one of the limited circumstances where it is necessary to annul the co-debtor stay retroactively in order to balance the equities between the parties. Because this Court finds that the co-debtor stay should be retroactively annulled, Debtor's claims for violation of the co-debtor stay are dismissed.

      2. <u>Violations of the Automatic Stay</u>

Under Federal Rule of Civil Procedure 12(b)(1), a claim may be properly dismissed for lack of subject matter jurisdiction. ***Home Builders Ass'n of Miss., Inc. v. City of Madison***, 143 F.3d 1006, 1010 (5th Cir. 1998). Judge Ezra's Opinion is clear: this Court lacks subject matter jurisdiction over the Cell Tower Tract easement (Adv. ECF No. 58). Therefore, any claim for an alleged violation of the automatic stay that is predicated upon the existence of the Cell Tower Tract easement must be dismissed.

Debtor argues that under ***Executive Benefits*** this Court may enter proposed findings of fact and conclusions of law with regards to the Cell Tower Tract easement. ***Exec. Benefits Ins. Agency v. Arkison***, 134 S. Ct. 2165 (2014). ***Executive Benefits*** concerns a bankruptcy court's

constitutional power to enter a final order in a proceeding—not a bankruptcy court's subject-matter jurisdiction. *Id*. As Judge Ezra's Opinion points out, whether a bankruptcy court has subject matter jurisdiction is a separate question from—but one that is often confused with—whether the court has constitutional power to enter a final order in a proceeding (Adv. ECF No. 58). Because this Court lacks subject matter jurisdiction over the Cell Tower Tract easement, this Court cannot make any finding as to the existence of such an easement. Therefore, Debtor's claims that Amegy violated the automatic stay which are predicated upon the existence of the Cell Tower Tract easement must be dismissed.

Debtor also argues that Amegy also violated the automatic stay in ways not related to the Cell Tower Tract easement. Debtor contends that Amegy's foreclosure on the Corrected Deed of Trust violated the automatic stay because the deed was void or voidable (Adv. ECF No. 77). This argument, however, overlooks the Agreed Order Terminating Stay signed on June 7, 2011 (BK ECF No. 35). That Order explicitly provides that Amegy "shall be allowed to take any and all actions necessary to exercise any and all rights [Amegy] may have in the [Home Tract], including the non-judicial foreclosure of the [Home Tract]" (BK ECF No. 35). The Order, as agreed to by Debtor, functioned to terminate the automatic stay under § 362 with respect to Amegy's foreclosure upon Corrected Deed of Trust. At the time Amegy foreclosed on the Corrected Deed of Trust, there was no automatic stay prohibiting such an action. Debtor cannot prove any set of facts that would support a violation of an automatic stay that was previously terminated. Therefore, Debtor's claim for violation of the automatic stay resulting from Amegy's foreclosure on the Corrected Deed of Trust is dismissed. **Benton v. United States**, 960 F.2d 19, 21 (5th Cir. 1992).

Finally, Debtor alleges that Amegy has exercised control over property of Debtor's bankruptcy estate, in violation of § 362(a)(3), by precluding Debtor's realtor from placing a "For Sale" sign outside the fence line and/or denying Debtor's realtor access to the Home Tract (Adv. ECF No. 77). Although Debtor has not provided this Court with facts sufficient to determine whether a violation of the automatic stay occurred in this context, a motion to dismiss should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Benton*, 960 F.2d at 21. Here, there are factual issues that have yet to be determined, including: (1) the location and size of the "For Sale" sign; (2) the number of times Debtor's realtor was denied access to the Cell Tower Tract; (3) what damages were caused by Amegy's actions; and (4) what rights or remedies are available to Debtor. It is possible that relief under § 362(a)(3) could be granted depending on the disposition of those factual issues. Therefore, Amegy's Motion to Dismiss concerning Debtor's claims for violation of the automatic stay based on Amegy's preclusion of Debtor's realtor from placing a "For Sale" sign and accessing the Home Tract is denied.

### C. Equitable Subordination

Although the issue of standing was not argued by either party in the context of equitable subordination, this Court may raise the issue of standing sua sponte. *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 331–32 (5th Cir. 2002). Because standing is an element of the constitutional requirement of "case or controversy," a lack of standing deprives a court of subject matter jurisdiction. *In re Weaver*, 632 F.2d at 462 n. 6.

The purpose of equitable subordination is to remedy wrong doing by one creditor, in the interests of the remaining creditors. *Societa Internazionale Turismo, SPA v. Barr* (*In re Lockwood*), 14 B.R. 374, 380–81 (Bankr. E.D.N.Y.1981) ("The fundamental aim of equitable

subordination is to undo or offset any inequality in the claim position of a creditor that will produce injustice or unfairness to other creditors in terms of bankruptcy results."). Courts have consistently found that debtors lack standing to bring equitable subordination claims. *See Riccitelli v. Sensenwich (In re Riccitelli)*, 14 Fed. Appx. 57, 58 (2d Cir. 2001) (unpublished opinion) (dismissing Chapter 13 debtor's equitable subordination claim for lack of standing); *see also Wilkinson v. EMC Mortg. (In re Wilkinson)*, No. ADV 11-05056, 2012 WL 112945, at *7 (Bankr. W.D. Tex. Jan. 12, 2012) (dismissing Chapter 7 debtors' equitable subordination claim for lack of standing); *Weeks v. Kinslow (In re Weeks)*, 28 B.R. 958, 960 (Bankr. W.D. Okla. 1983) (finding that Chapter 11 debtor had no standing to raise equitable subordination). Because Debtor lacks standing to bring a claim for equitable subordination, this Court must dismiss Debtor's equitable subordination claim for lack of subject matter jurisdiction. *Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010.

## CONCLUSION

Having gone through the facts of the case and considered the arguments made by the parties, this Court finds that (1) Debtor's avoidance claims concerning the Home Tract are dismissed for lack of subject matter jurisdiction because Debtor does not have standing; (2) the co-debtor stay is annulled with respect to Debtor's wife; (3) this Court lacks subject matter jurisdiction over any claim for violation of the automatic stay predicated upon the existence of a Cell Tower Tract easement; (4) Amegy did not violate the automatic stay by foreclosing on the Corrected Deed of Trust; (5) Debtor's claims that Amegy violated the automatic stay by precluding Debtor's realtor from placing a "For Sale" sign and/or denying Debtor's realtor access to the Home Tract are not dismissed; and (6) Debtor's claims for equitable subordination

are dismissed for lack of subject matter jurisdiction because Debtor does not have standing to bring the claim.

  A separate order GRANTING Defendant's Motion to Dismiss in Part and DENYING in Part, will be entered.

# # #